IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:06-CR-284-D-1
No. 5:12-CV-525-D
No. 5:16-CV-472-D

| | |
|---|---|
| RONNIE ANTHONY BOWMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On June 22, 2016, Ronnie Anthony Bowman ("Bowman") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 216-month sentence [D.E. 65]. On November 7, 2016, the government moved to dismiss Bowman's motion [D.E. 69] and filed a supporting memorandum [D.E. 70]. As explained below, the court grants the government's motion to dismiss and dismisses Bowman's section 2255 motion.

I.

On March 27, 2007, pursuant to a plea agreement, Bowman pleaded guilty to conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base (crack), more than 5 kilograms of cocaine, and a quantity of marijuana in violation of 21 U.S.C. § 846. See [D.E. 1, 18, 51]; Presentence Investigation Report ("PSR") ¶¶ 1–10. Before sentencing, the United States Probation Office ("Probation") prepared a Presentence Investigation Report ("PSR"). In the PSR, Probation concluded that Bowman was a career offender under U.S.S.G. § 4B1.1. See id. ¶ 28. Probation calculated Bowman's advisory guideline range in the PSR as life imprisonment based on a total offense level 43 and criminal history category VI. See PSR ¶¶ 53–64.

On December 5, 2007, at Bowman's sentencing hearing, the court adopted the facts set forth in the PSR. See Sentencing Tr. [D.E. 50] 5–18; Fed. R. Crim. P. 32(i)(3)(A). After granting the government's motion under U.S.S.G. § 5K1.1 and considering the entire record, the arguments of counsel, and the section 3553(a) factors, this court sentenced Bowman to 372 months' imprisonment. [D.E. 36]; see Sentencing Tr. at 21–24, 32–40. On September 17, 2013, the court reduced Bowman's sentence to 216 months' imprisonment. See [D.E. 54].

In Bowman's section 2255 motion, Bowman alleges that he is no longer a career offender under Johnson v. United States, 135 S. Ct. 2551 (2015). See [D.E. 65] 4–9. Specifically, Bowman contends that the residual clause in the career-offender guidelines is unconstitutionally vague and asks to be resentenced. See id. The government disagrees and has moved to dismiss Bowman's motion for failure to state a claim upon which relief can be granted. See [D.E. 69, 70].

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In

2

reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

Bowman's plea agreement contains an appellate waiver. See Plea Ag. [D.E. 18] ¶ 2(c). In the waiver, Bowman agreed

> [t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

Id. In light of the Rule 11 proceeding, Bowman's appellate waiver is enforceable. See United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013); United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Bowman's Johnson claim falls within the appellate waiver, which bars the claim.

Alternatively, Bowman's designation as a career offender did not affect his advisory guideline range. See PSR ¶¶ 53–63. As the PSR and sentencing transcript make clear, even without the career-offender designation Bowman had a criminal history category of V and a total offense level of 43. See PSR Addendum at 3, Obj. 6; Sentencing Tr. at 16–18. Thus, Bowman's advisory guideline range was life imprisonment regardless of whether Bowman was a career offender.

3

Alternatively, Bowman cannot use <u>Johnson</u> retroactively to challenge as vague the then-existing residual clause in U.S.S.G. § 4B1.2(a)(2). See, e.g., <u>Beckles v. United States</u>, 137 S. Ct. 886, 890–92 (2017); <u>United States v. Mack</u>, No. 15-4684, 2017 WL 1544953, at * 2–3 (4th Cir. May 1, 2017); <u>United States v. Lee</u>, No. 15-6099, 2017 WL 1476145, at *2 (4th Cir. Apr. 25, 2017). Thus, Bowman remains a career offender, and his <u>Johnson</u> claim fails.

After reviewing the claim presented in Bowman's motion, the court finds that reasonable jurists would not find the court's treatment of Bowman's claim debatable or wrong and that the claim does not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336–38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 69], DISMISSES Bowman's section 2255 motion [D.E. 65], and DENIES a certificate of appealability.

SO ORDERED. This \_\_11\_\_ day of May 2017

JAMES C. DEVER III
Chief United States District Judge

4